IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DALLAS BUYER'S CLUB, LLC, | Case No.: 14-cv-7051 |
| Plaintiff, | Judge: Honorable Gary S. Feinerman |
| v. | Magistrate Judge: Hon. Maria Valdez |
| DOES 1-20, | |
| Defendants. | |

**NON-RESIDENT PUTATIVE DOE 3'S MOTION TO QUASH SUBPOENA AND FOR TIME TO SUBMIT FURTHER MEMORANDUM.**

Putative "Non-Resident Doe" or "Doe 3"—an individual who neither resides nor has an internet account in Illinois—recently located and retained the undersigned Chicago counsel. Doe 3 received a notice from Internet Service Provider ("ISP") Comcast Inc. ("Comcast") regarding Plaintiff's subpoena, which requested from Comcast the name and address information for certain subscribers. According to the notice, Comcast has identified Doe 3 as the subscriber allegedly associated with IP address 50.153.159.14 and HitDate Timestamped 04:00:45 A.M.

Doe 3 respectfully moves to quash the subpoena, at least as to her, for at least three reasons.

First, despite indications in Plaintiff's motion for early discovery that discovery would only reach Illinois subscribers, Doe 3's internet account is not an Illinois account and she does not reside in Illinois. There is no personal jurisdiction to proceed with a suit against Doe 3 as a defendant. *See A.F. Holdings, LLC v. Does 1-1058*, 752 F.3d 990 (D.C. Cir. 2014) (barring discovery to identify unnamed defendants in the absence of a showing of personal jurisdiction or

venue in the district; cited with approval in *Lightspeed Media Corp. v. Smith*, 761 F.3d 699 (7th Cir. 2014)); *be2 LLC v. Ivanov*, 642 F.3d 555 (7th Cir. 2011) (finding no personal jurisdiction over a nonresident defendant dating website owner, notwithstanding the fact that 20 Illinois residents used and created profiles on his website because that level of contact was insufficient to satisfy Due Process and the constitutional requirements necessary to confer personal jurisdiction); *Mott Corp. v. Montanya*, 141 Ill. App. 3d 943 (1st Dist. 1986) (finding that jurisdiction was improper over a nonresident defendant despite plaintiff and a co-defendant's Illinois residence); *R.W. Sawant & Co. v. Allied Programs Corp.*, 111 Ill. 2d 304, 312 (Ill. 1986) (holding personal jurisdiction not "proper under the tortious-act section of the long-arm statute since an economic loss which is felt in Illinois is not sufficient to confer jurisdiction in [Illinois] when the acts occurred outside of Illinois"); *Arthur Young & Co. v. Bremer*, 197 Ill. App. 3d 30 (Ill. App. Ct. 1st Dist. 1990) (finding the "tort prong" of Illinois' Long Arm Statute requires defendants to commit a tort in Illinois or take actions which results in an injury in Illinois); *see also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978) (ruling in that case that plaintiff had an improper motive for discovery from defendant where plaintiff sought information to help identify additional class members, and also finding it improper to seek discovery in one suit for use in a different or future lawsuit).

Second, likewise, because Doe 3 does not reside in this district, venue is lacking under 28 U.S.C. §1400(a) (which confers venue only "in the district in which the defendant or his agent resides or may be found"). See *Nu Image, Inc. v. Does 1-23,322*, 799 F. Supp. 2d 34, 37-38 (D.D.C. 2011) (finding that the venue language in a similar copyright infringement complaint was governed exclusively by Section 1400(a)).

Third, given that it is unlikely that Plaintiff has made a sufficient *prima facie* showing of copyright infringement as to Doe 3, Plaintiff's request as to Doe 3 for early, expedited, and *ex parte* discovery should be limited.

Because Doe 3 was able to retain counsel only recently, counsel respectfully requests an additional seven (7) days to file a further memorandum in support of this motion. This short additional time will allow a fair opportunity to fully consider and respond to Plaintiff's lengthy memorandum and materials in support of its Motion for Leave to Take Discovery prior to a Rule (26)(f) Conference. Plaintiff will suffer no perceptible prejudice for this short extension of time. (Doe 3's counsel has not requested previous extensions, and has attempted to contact Plaintiff's lead counsel for his consideration of this request, but has been unable to reach him to determine whether this request for time is opposed.)

Finally, while counsel has not yet determined whether any exhibits will require filing under seal to protect Doe 3's identity pending disposition of the motion, counsel requests leave to file limited materials under seal to be shielded from Plaintiff and the public pending disposition of the motion.

WHEREFORE, putative Doe 3, through undersigned counsel, respectfully requests (1) that at least as to Doe 3, the October 16, 2014 subpoena issued by Plaintiff on Comcast be quashed or vacated, (2) leave to file a further memorandum in support of this motion within seven (7) days (that is, on or before December 12, 2014), (3) leave to file certain exhibits (if necessary) under seal and shielded from Plaintiff and the public to protect Doe 3's identity pending full disposition of this motion, (4) that at least as to Doe 3, operation of the subpoena be

stayed until full disposition of this motion, and (5) for such other and further relief as may be just and proper.

Dated: December 5, 2014

                                          Respectfully submitted,

                                          /s/  Tawfiq I. Ali

                                          Tawfiq I. Ali
                                          ALI LAW PRACTICE LLC
                                          200 E. Randolph St., Suite 5100-24
                                          Chicago, IL 60601
                                          tali@alilawpractice.com
                                          ID No. 6292261

                                          *Attorney for Putative Non-Resident Doe 3*

**CERTIFICATE OF SERVICE**

I, Tawfiq I. Ali, an attorney, certify that on this day, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, thereby serving a copy to all counsel of record.


Dated: December 5, 2014                                                                  /s/ Tawfiq I. Ali